580 of the Penal Law. The indictment charged that defendant, with others, conspired " to commit an act injurious to the public health, for the perversion and obstruction of justice and of the due administration of the law," in that they agreed and conspired to permit the bringing into and the possession for sale for human consumption in the city of New York, of cream from unapproved sources of supply, and to suppress and prevent lawful prosecution and punishment for violation of the Sanitary Code and the regulations of the board of health.

*M. Michael Edelstein* for appellant.

*Joab H. Banton, District Attorney (Ferdinand Pecora* and *Felix C. Benvenga* of counsel), for respondent.

Judgment affirmed. Held (1) that the rule or regulation 5 of the board of health of the city of New York was lawfully adopted and is a constitutional and valid ordinance; (2) that even if said rule or regulation were invalid or unconstitutional the defendant was guilty of a criminal conspiracy in agreeing to suppress and prevent prosecutions for a violation thereof.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

BELLE AYRE CONSERVATION COMPANY, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

*Title — real property — title to lands appropriated by State for park purposes at time of appropriation.*

*Belle Ayre Conservation Co.* v. *State of New York*, 214 App. Div· 127, affirmed.

(Submitted October 18, 1927; decided November 22, 1927.)

APPEAL from a judgment, entered September 29, 1925, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment of the Court of Claims in favor of plaintiff entered upon the report of a referee and directing a

38

dismissal of the claim. The State appropriated certain lots of land in Ulster county for park purposes under the provisions of chapter 451 of the Laws of 1916 and of chapter 146 of the Laws of 1917. The question was whether title to said lots at the time of their appropriation was in the claimant or in the State.

*Lewis E. Carr* and *J. Sheldon Frost* for appellant.

*Albert Ottinger, Attorney-General (A. C. Taylor* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

EDWARD W. COON, Respondent, *v.* NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, Appellant.

*Insurance (fire) — appraisal — fraud — action to set aside appraisal of loss by fire on ground of fraud and to recover actual loss.*

*Coon v. National Fire Ins. Co.,* 218 App. Div. 812, affirmed.

(Argued October 18, 1927; decided November 22, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 17, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was in equity to set aside an award made by appraisers under a New York standard fire insurance policy of fire insurance upon the grounds of fraud and misrepresentations in the appointment of the appraisers, that the appraisal was improperly conducted and the award inadequate and to recover plaintiff's alleged loss by fire.

*Charles B. Sullivan* for appellant.

*Delos M. Cosgrove, W. A. Porter* and *Loren E. Harter* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.